### ROE vs. BACHELDOR and another.

WARRANTY: EVIDENCE. *(1) Breach of warranty determined upon prepon-derance of evidence. (2) When warrantor's knowledge of the intended use of the goods may be shown.*

1. In an action for damages for the spoiling of tomatoes put up by plaintiff in jugs purchased of defendant, the issues being, whether the damage was caused by defects in the jugs, and if so, whether the defects were such as constituted a breach of defendant's warranty, the court charged the jury that all disputed facts in the case were "to be determined by the preponderance of the testimony," and refused an instruction asked by defendant, that it devolved upon plaintiff to show "*by downright evi-dence*" that the damage was caused by defects in the jugs. *Held*, no error.

2. Where a vendor, selling goods which he knows to be designed by the vendee for a particular use, warrants them to be "perfect," this must be construed to mean that they are perfect for *the use intended;* and parol evidence of the vendor's knowledge of the intended use is admissible to explain such a warranty in writing.

APPEAL from the Circuit Court for *Winnebago* County.

Action for an alleged breach of warranty on the sale of a large quantity of stone jugs. It appears that the plaintiff purchased the jugs of the defendants for the purpose of putting up or canning tomatoes therein, in which business the plaintiff was engaged. The warranty alleged in the complaint is, that the jugs should be selected and carefully assorted, "and that the same should be perfect, thoroughly glazed and coated, free from all sand holes or other defects, and adapted and fitted for the canning and preserving of tomatoes." It is further alleged in the complaint, that the plaintiff relied upon such warranty, and filled the jugs with tomatoes; but that "the jugs had not been, and at the time of the sale aforesaid were not, jugs carefully selected and assorted, and were not then perfect and thoroughly glazed, free from sand holes and other defects, and adapted to and fitted for the canning and preserving of tomatoes," but were, on the contrary, imperfect,

etc., so that air entered the same and spoiled the tomatoes therein, by means whereof the jugs were burst and rendered useless. There is an averment of due care by the plaintiff to avoid the loss and damage.

It is alleged in the answer that the warranty was, that the jugs were to be good, sound and merchantable, and such as would hold any liquid in common use, and that the jugs were as warranted. The warranty stated in the complaint is denied; and it is further denied that the damage complained of was the result of any defect in the jugs.

On the trial, it appeared that the warranty was contained in a written memorandum relating to the purchase of the jugs, signed by one of the defendants, as follows: "Said jugs to be sorted and warranted perfect." It also appeared, or at least the testimony tended to show, that the defendants knew the purpose for which the plaintiff purchased the jugs.

Sufficient statements of the evidence and the rulings of the court will be found in the opinion.

The jury found for the plaintiff, and assessed his damages for the loss of the jugs and tomatoes. A motion for a new trial was denied, and judgment rendered pursuant to the verdict; and defendants appealed from the judgment.

*Elbridge Smith*, for the appellants, argued that it was an undisputed fact that the warranty was in writing; that the instructions concerning the warranty should have been based upon the written contract only, leaving the jury to determine from the conflicting evidence whether the writing, when signed, did or did not include the words "and warranted perfect;" and that all the instructions which left the jury to speculate upon the meaning of words not contained in the written warranty, were misleading and erroneous. 2. That the court erred in charging substantially that if the jugs were not as represented, the jury must find defendants liable to plaintiff for the damages sustained by the loss of the tomatoes. This instruction should have been qualified by stating that the

plaintiff was bound to exercise ordinary care and prudence in discovering any defects in the jugs, before using them, and that if he failed to exercise such care he could not recover.

For the respondent, briefs were filed by *Finch & Barber*, and the cause was argued orally by *Mr. Barber*. They argued, among other things, 1. That the taking of the written memorandum containing an express warranty did not exclude the warranty otherwise implied by law. *Boothby v. Scales*, 27 Wis., 626; *Merriam v. Field*, 24 id., 644; *Bigge v. Parkinson*, 7 H. & N., 955. 2. That the rule of law now definitely adopted in this state, and applicable to the facts in this case, is, that when a manufacturer or dealer contracts to supply an article which he manufactures or in which he deals, to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment or skill of the vendor, there is an implied warranty that it shall be reasonably fit for the purpose intended. *Walton v. Cody*, 1 Wis., 420; *Merriam v. Field*, *supra*; *Jones v. Bright*, 5 Bing., 533; *Brown v. Edgington*, 2 Man. & G., 279; 53 N. Y., 515, 518; Benj. on Sales, § 645. 3. That as the defendants sold the jugs knowing for what purpose they would be used, there was at least an implied warranty that they were free from *latent defects* rendering them unfit for that purpose. *Leopold v. Van Kirk*, 27 Wis., 152; *Locke v. Williamson*, 40 id., 377. 4. That as the answer admits that the jugs were warranted to hold " any ordinary liquid in common use," the court did not err in submitting to the jury the question whether tomatoes prepared for canning were a liquid in common use.

LYON, J. There was a contest at the trial as to whether the words, " and warranted perfect," in the memorandum containing the warranty, were inserted therein before or after the same was signed; and the testimony was conflicting on the subject. But the question was fairly submitted to the jury, who found the issue for the plaintiff, and that finding is con-

clusive.   Hence it is a verity in the case that the writing in its present form contains the warranty made by the defendants.

It is not disputed that the complaint states a cause of action, and a careful examination of the bill of exceptions satisfies us that there is testimony tending to prove every material allegation in the complaint, and to sustain the assessment of damages.   Hence the verdict and judgment cannot properly be disturbed, unless there was error in the rulings of the court.

The only errors assigned relate to the charge which the court gave the jury.   It is claimed that they were charged incorrectly in several particulars, and that an instruction proposed on behalf of the defendants, and which the court refused to give, should have been given.

The instruction refused is as follows:   " It devolved upon the plaintiff to show by downright evidence that these tomatoes were injured by defects in the jugs."   The court instructed the jury that all disputed facts in the case were to be determined by the preponderance of testimony.   If the term " downright evidence," means a preponderance of evidence, the instruction was given.   If it does not, the instruction was properly refused; for there can be no doubt the court gave the correct rule of law on the subject.

The material portions of the charge to the jury to which exceptions were taken, are as follows:   " The defendant admits that he warranted these jugs to this extent, that they were good, sound, merchantable, and capable of holding any liquid in common use.   *   *   *   If the jugs were purchased with the information to the seller that they were designed to put up tomatoes in, and the seller warranted them to be sound, good, merchantable, and capable of holding tomatoes, and tomatoes were put in them, and, in consequence of the defects in the jugs, not being good, not being sound, not being merchantable, not capable of holding tomatoes, the plaintiff would be

entitled to recover for the injury which he has sustained, and which would include the loss to him in consequence of the tomatoes spoiling. Or if you should find the words ' capable of holding any liquid in common use,' to include tomatoes, the rule would be the same as if they were expressly warranted to hold tomatoes. The plaintiff claims they were warranted perfect. It is for you to say what this warranty is. The plaintiff claims that they were warranted to hold tomatoes — cooked tomatoes. * * * What did the plaintiff want the jugs for? Did the defendants know what he he wanted them for? * * * Then if you should find that they were not warranted to hold tomatoes, they admit that they warranted them to hold any liquid in common use. * * * The plaintiff says the tomatoes were cooked until they were liquid, and there is no dispute about that; no evidence on the part of the defendant that they were not properly cooked. I have heard no evidence given on the part of the defendants that they were not properly selected. * * * It is for you to say. * * * If it was in consequence of the defective jugs, and they were warranted to hold the tomatoes, or were warranted in such a way as to cover that use of them, that is, warranted to be good, sound and merchantable, and to hold liquids in common use, now if that covers the use of tomatoes (and it is for you to say if it does cover that use), and they spoiled in consequence of defects in the jugs, why then the plaintiff is entitled to recover."

The jury were further instructed that the plaintiff was bound to use ordinary care in discovering the defects in the jugs before he put the tomatoes into them, and that, if he failed to do so, he could not recover for the loss of the tomatoes.

We are unable to discover any error in the foregoing instructions. It being settled by the verdict that the defendants warranted the jugs perfect, if they knew the use to which the plaintiff intended to put them and for which he made the purchase, obviously the jugs were not perfect within the mean-

ing of the contract, and there was a breach of the warranty. There is evidence in the case tending to show that the defendants knew at the time of the sale the use to which the plaintiff intended to put the jugs; and this evidence was properly submitted to the jury as explanatory of the scope and meaning of the written contract of warranty. We think all of the statements of fact in the charge are supported by the pleadings and proofs, and that the learned circuit judge laid down the law of the case correctly.

*By the Court.*—Judgment affirmed.